The Honorable Benny C. Petrus State Representative 607 South Park Avenue Stuttgart, Arkansas 72160-4533
Dear Representative Petrus:
I am writing in response to your request, on behalf of a local county assessor, for an opinion on the "valuation, for assessment purposes, [of] Wetland Reserve Program property." Correspondence attached to your request indicates that the use of a particular tract of land is now restricted by a "Warranty Easement Deed granted to the United States of America by the current owners of the property" under the federal Wetland Reserve Program. Separate correspondence indicates that the tract is "being used primarily for recreational purposes, by the landowners, leasing hunting or fishing rights and collecting fees for this privilege." The land was formerly "bona fide agricultural land, rice, milo, beans, etc." The property owner has asked that the assessor lower the "current use" value of the property to the "minimum use value" due to the now restricted use of the land. The assessor wrote to the Assessment Coordination Department for an opinion on the matter and that Department was not "comfortable making the determination requested" "[c]onsidering the lack of statutory and case law guidance on th[e] subject. . . ." The Department suggested that the assessor seek an Attorney General's opinion. The question posed with regard to these facts is as follows:
 Should the subject property be assessed for ad valorem purposes at its use value or at current market value or should the Assessment Coordination Department establish a new category for land put in this program?
RESPONSE
In my opinion the answer to your question will turn upon the facts regarding a particular tract of property. I am not empowered as a fact-finder and cannot make the determination as to particular tracts of land. The issue may turn in each instance on the language of the relevant "warranty easement deed," any attendant conservation plan and the actual use of the property in question. I can, however, set out the general law surrounding the issue below. The ultimate question of how to value particular tracts of land under the circumstances you describe, however, is more one of valuation than one of law. There is no Arkansas law addressing the precise question you pose.
The federal "Wetlands Reserve Program" is established at 16 U.S.C. § 3837
and allows the Secretary of Agriculture to purchase easements from eligible landowners. 16 U.S.C. § 3837a. A "wetland easement conservation plan" must be adopted in conjunction with the easement and must prohibit "the alteration of wildlife habitat and other natural features of the land, unless specifically permitted by the plan . . . and the spraying of such land with chemicals or the mowing of such land, except where . . . permitted by the plan or . . . necessary — to comply with [other federal mandates.]" 16 U.S.C. § 3837a (b)(2)(A) and (B). Notwithstanding these restrictions, subsection (d) of the same statute allows use of wetland reserve program lands for "compatible economic uses, including such activities as hunting and fishing, managed timber harvest, or periodic haying or grazing, if such use is specifically permitted by the plan and consistent with the long-term protection and enhancement of the wetlands resources. . . ." Compensation for the easement shall be made in cash and shall "not exceed the fair market value of the land less the fair market value of such land encumbered by the easement." 16 U.S.C. § 3837a (f).See also generally, Note, "The Wetlands Reserve Program," 2 Environmental Lawyer, 173 (Sept. 1995).
The valuation of property for property tax purposes is addressed at Arkansas Constitution, art. 16, § 5, which provides in pertinent part that:
 (a) All real and tangible personal property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value, except as provided and authorized in Section 15 of this Article, and except as authorized in Section 14 of this Article. The General Assembly, upon the approval thereof by a vote of not less than three-fourths (3/4ths) of the members elected to each house, may establish the methods and procedures for valuation of property for taxation purposes, but may not alter the method of valuation set forth in Section 15 of this Article.
(Emphasis added).
Section 15 of article 16 provides that:
 (b) Agricultural land, pasture land, timber land, residential and commercial land, excluding structures thereon, used primarily as such, shall be valued for taxation purposes under the provisions of Section 5 of this Article, upon the basis of its agricultural, pasture, timber, residential, or commercial productivity or use, and when so valued, such land shall be assessed at the same percentum of value and taxed at the same rate as other property subject to ad valorem taxes.
(Emphasis added).
Section 26-26-407(b)(1) of the Arkansas Code elaborates on this requirement by stating that: "Agricultural land, pasture land, and timber land valuation shall be based on productivity of the soil."
The constitutional provision above dictates "use" value for agricultural, pasture or timber land "used primarily as such." The valuation of property is therefore dependent upon whether it is in fact
being primarily used for the stated purposes. If the property is no longer being primarily used as agricultural land, pasture land or timber land, the landowner is to notify the county assessor of the change in use. A.C.A. § 26-26-407(f). The county assessor shall, at the appropriate time, extend the taxes based on the change in use and shall certify to the county collector the amount to be collected. Id.
The question posed is whether this particular tract of land should be valued at its "use value" or current market value, or whether the Assessment Coordination Department should create a new valuation category for this type of land. This will be a question of fact dependent upon all the circumstances surrounding the easement, conservation plan and current use of the property. In my opinion, if in fact land placed into the federal Wetlands Reserve Program is no longer being primarily used as agricultural land, it should not be valued based upon its agricultural "use" and productivity of the soil under Arkansas Constitution, art. 16,15 and A.C.A. § 26-26-407(b)(1) and (2). The particular warranty easement deed, the conservation plan for particular property, and its actual use must be scrutinized in order to determine whether in fact property is not being primarily used for agricultural, pasture or timber land. The federal legislation does admit of the possibility of allowing timber and grazing activities on property placed in the Wetland Reserve Program, depending on the contents of the conservation plan. It is thus conceivable, depending on the facts, that some such property might still be "primarily" used as pasture land or timber land.
If particular property is not being primarily used for one of these purposes (agricultural, pasture or timber land), and as a consequence it is not to be valued at its "use" value, the question becomes what alternate means of valuation should be employed. Such property is not residential or commercial, so it cannot be valued pursuant to the valuation methods used to value those types of property. See A.C.A. §26-26-407(a) and (c). If the "use" value dictated by Arkansas Constitution, art. 16, § 15 does not apply, art. 16, § 5 may govern the valuation. That provision has been interpreted to require valuation based upon current market value. Arkansas Public Service Commission v. PulaskiCounty Board of Equalization, 266 Ark. 64, 582 S.W.2d 942 (1979). The problem is that there is apparently no current valuation method to determine the current market value of property placed in the Wetlands Reserve Program. Absent some type of blanket valuation rule for such property, a current market value approach to such property would entail a detailed review of the particular easement, conservation plan and actual use of the property, including any income stream accruing therefrom.
In short, this type of property falls through the cracks of the current assessment procedures. Some states have adopted statutes to address the valuation of such property. See Kansas Statutes Annotated § 79-1476 and § 79-1476b (each classifying property placed in the Wetlands Reserve Program as "native grassland" for valuation purposes). I can only suggest that the Assessment Coordination Department may wish to promulgate a rule or policy with regard to valuation of this type of property, or seek clarification from the General Assembly as to the proper valuation method.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh